# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

STEPHEN R. MILLION, )
)           Case No. __4:24-cv-317_____
        Plaintiff, )           **Demand for Jury Trial**
)
v. )
)           State Court Case No. 2416-CV06058
MODERN WOODMEN OF AMERICA, )
)
        Defendant. )

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

COMES NOW, Defendant Modern Woodmen of America (hereinafter "Modern Woodmen"), by and through counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of this lawsuit originally filed in the Circuit Court for Jackson County, Missouri. In support hereof, Modern Woodmen states as follows:

1. On March 5, 2024, Plaintiff filed this action against Modern Woodmen in the Circuit Court of Jackson County, Missouri, at Kansas City in Case No. 2416-CV06058.

2. Plaintiff served Modern Woodmen with the state court lawsuit on April 18, 2024. Counsel for Modern Woodmen accepted service of the lawsuit via e-mail. A copy of the Missouri state court docket as of the filing of this Notice of Removal is attached hereto as **Exhibit A.**

3. Modern Woodmen has not yet filed an Answer to Plaintiff's Petition.

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, *et seq.*

5. Plaintiff's Petition asserts allegations for discrimination based on age.

6.    Plaintiff does not assert his state of citizenship in the Petition, but states that he resides in Missouri.

7.    For purposes of citizenship for determining diversity jurisdiction, the Court looks to an individual's domicile.  *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).  Domicile, and citizenship, is determined by one's physical presence in the state and intent to remain. *Id.*; *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005).

8.    For the purposes of diversity jurisdiction under 28 U.S.C. § 1332, a corporation "shall be deemed a citizen of every State [ . . . ] by which it has been incorporated and of the State [ . . . ] where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The phase "principal place of business" means the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

9.    Plaintiff correctly pleads that Modern Woodmen has its principal place of business in Illinois. **Exhibit A**, p. 2, ¶ 2.

10.    Plaintiff and Defendant are therefore citizens of different states, and Modern Woodmen is not a citizen of Missouri. Therefore, this action is between citizens of different states and jurisdiction is proper in this Court. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that a defendant may remove an action on the basis of diversity of there is complete diversity between all named parties and no defendant is a citizen of the forum state).

11.    The amount in controversy threshold is $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

12.    "Under this standard, 'the jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Bey v. Poettker Constr.*, No. 4:23CV911 HEA, 2024 U.S. Dist. LEXIS 48229, at *2-3 (E.D. Mo.

2

Mar. 19, 2024), citing *Bell v. Hershey Co.*, 953 F.3d 953, 956 (8th Cir. 2009). In employment discrimination cases, that threshold is easily met where claimed damages include backpay, front-pay, and attorney's fees under Title VII. *Id.* (finding that jurisdictional amount is satisfied on face of the Petition which prayed for back pay, front pay, lost benefits, emotional distress, punitive damages, interest, and attorney's fees).

13.     Punitive damages are included in determining the amount in controversy for diversity. *State of Mo. ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Where, as in Missouri, state rules of civil procedure prohibit pleading information relating to punitive damages, the removing party has to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Wiemers v. Good Samaritan Soc'y*, 212 F.Supp.2d 1042, 1045 (N.D. Iowa 2002) (Iowa Rules of Civil Procedure prohibit pleading of specific amounts).

14.     Here, Plaintiff has requested "an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for attorney's fees, and all other damages, expenses, and costs incurred." *Petition* ¶¶ 38, 48, and 58. As Plaintiff alleges Modern Woodmen's discriminatory actions begain in 2022, and Plaintiff's earnings for fiscal year 2022 totaled at least $80,436.24, the demand for back pay alone from his resignation to filing the Petition exceeds the jurisdictional threshold.

15.     Additionally, in age discrimination cases, as much as two years of front pay – or perhaps more – may be awarded. *See Cooper v. Scripps Media, Inc.*, No. 17-0041-CV-W-BP, 2019 U.S. Dist. LEXIS 106496, at *9 (W.D. Mo. June 26, 2019) (awarding approximately two years' front pay in the amount of $110,000).

16.     Here, the Court may also easily conclude that Plaintiff might eventually seek punitive damages, as the Petition alleges that Modern Woodmen's acts were "systematic" (Paragraph 36), that the harassment was "severe and pervasive," (Paragraph 43), causing Plaintiff "emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life" (Paragraph 44).

17.     Attorneys' fees awards in the district also regularly exceed the jurisdictional amount, even for relatively straightforward single-plaintiff discrimination cases. *See Cooper*, 2019 U.S. Dist. LEXIS 106496, at *28-29 (awarding $691,659.55 in fees and approving a rate of $600 per hour); *Holmes v. Slay*, No. 4:12CV2333 HEA, 2017 U.S. Dist. LEXIS 36841, at *9 (E.D. Mo. Mar. 15, 2017) (discussing the lodestar calculation and approving rates between $335 and $400 per hour).

18.     Defendant was served with the Petition on April 18, 2024.  Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days of service of the Petition.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 105, 1446, and Local rule 3.2(a)(1)(A), because this action was originally filed in Jackson County, Missouri, which is in this Court's judicial area.

20.     In accordance with 28 U.S.C. § 1446(d), concurrently with filing this Notice of Removal, Modern Woodman has also filed a Notice of Filing Notice of Removal with the Circuit Court of Jackson County, Missouri, the Court from which this action is being removed.  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B.**

21.     The required Civil Cover Sheet is attached hereto as **Exhibit C.**

4

22. All of the other prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

WHEREFORE, Defendant Modern Woodmen of America respectfully notifies this Court that the above-captioned action has been removed from the Circuit Court of Jackson County, Missouri.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

*/s/ Nicholas S. Ruble*

Kehl D. Friesen   MO # 65909
Nicholas S. Ruble   MO # 64127
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: 816-471-2121
Facsimile: 816-472-0288
kfriesen@bakersterchi.com
nruble@bakersterchi.com
**ATTORNEYS FOR DEFENDANT**
**MODERN WOODMEN OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by email on the counsel of record listed below and by the Court's electronic filing system this 1st day of May, 2024.

Ben Stelter-Embry
KUHLMAN & LUCAS, LLC
4700 Belleview Ave. Ste. 300
Kansas City, Missouri 64112
ben@kuhlmanlucas.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Nicholas S. Ruble*

5